Michiko Stehrenberger
c/o Daniel
1990 Knoll Drive, Unit B
Ventura, CA 93003
document.request@gmail.com
(206) 229-4415
*Creditor Pro Se*



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re:<br>STAR MOUNTAIN<br>ENTERPRISES, LLC,<br><br>Debtor. | Bankruptcy Case No. 19-24015<br>Chapter 7<br>Hon. R. Kimball Mosier<br><br>CREDITOR'S MOTION TO COMPEL RULE 2004<br>ATTENDANCE AND PRODUCTION OF DOCUMENTS BY<br>DEBTOR'S PARTNERS TAMIO STEHRENBERGER AND<br>ANNA STEHRENBERGER; MEMORANDUM IN SUPPORT |
|---|---|

RELIEF REQUESTED AND GROUNDS FOR RELIEF

Creditor Michiko Stehrenberger respectfully requests an order from this Court compelling the attendance and production of documents by the debtor's two partners, Tamio Stehrenberger and Anna Stehrenberger, at Rule 2004 examinations within five (5) calendar days of such order, or some other expedited time period deemed reasonable by this Court, to allow the creditor to verify the debtor's financial condition and potential fraudulent conduct related to the debtor's failure to disclose at least $1,163,500.00 in assets in its June 2, 2019 Chapter 7 petition, schedules, and statements. This Motion is brought under Fed. R. Bankr. P. 2004(c), Local Rule 2004-1, Fed. R. Civ. P. 37 and 45, and the Court's inherent power to grant any other appropriate relief under 11 U.S.C. § 105(a).

## RELEVANT FACTS

1. On June 2, 2019, debtor Star Mountain Enterprises, LLC filed this Chapter 7 case and listed Tamio Stehrenberger and Anna Stehrenberger as its two members (partners).

2. On June 2, 2019, debtor's counsel made an appearance for the debtor and by affiliation, of its two partners, in accordance with Local Rule 2091-1(a)("Attorney of Record. An attorney . . . who signs and files a petition, pleading or paper, is deemed to have made an appearance in the matter . . .").

3. Debtor Star Mountain's representative Tamio[1] signed under penalty of perjury that "I have examined the information in this petition and have a reasonable belief that the information is true and correct, including Star Mountain's schedule stating that Star Mountain has $1,050,000.00 in "notes receivable" assets related to a third-party, Landmark Venture Capital, LLC. Ex. 1, excerpts from Star Mountain's June 2 filings.

4. In Utah state court case 160100092 (American Fork department), Star Mountain filed a notarized statement dated May 2017, indicating that Landmark Venture Capital, LLC actually owes Star Mountain $2,213,500.00. Ex. 2

5. On August 24, 2017, the Utah state court entered findings of fact and conclusions of law upon default determining that Star Mountain committed securities fraud and, together with its two Managers/Members Tamio and Anna, is liable to Michiko for statutory damages, including treble damages, plus interest, fees, and costs. Ex. 3 ¶ 3, 5

6. During the Utah state court case, Star Mountain partner Anna produced two Landmark Venture Capital promissory notes (one for $1,978,500.00 and another for $235,000.00)

---

1 Several of the parties share the same last name, including the debtor's two partners and the main creditor of the debtor, and for the sake of clarity each party is referred to by their first name. No disrespect is intended by the apparent informality.

totaling $2,213,500.00 in notes receivable to Star Mountain, not $1,050,000.00. Ex. 4

7. The debtor and its partners have not provided any explanation for the $1,163,500.00 discrepancy between the $1,050,000.00 amount of assets they disclosed in their Chapter 7 case, versus the higher $2,213,500.00 in assets they presented in the Utah state securities fraud case against them.

8. Though Tamio signed as the only "debtor's representative" on the Chapter 7 petition, on July 11, 2019 debtor's partner Anna attended the Section 341 meeting of creditors instead, indicating managerial/general partner status within Star Mountain.

9. On August 13, 2019, this Court ordered the Rule 2004 examinations of both Tamio and Anna as debtor Star Mountain's partners.

10. The Bankruptcy Court for the District of Utah issued the Rule 2004 subpoenas.

11. Debtor's partners Tamio and Anna list their residence in Star Mountain's statement of financial affairs as at address in Laguna Niguel, California:

28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Tamio Stehrenberger | 25442 Burntwood, Laguna Nigueal, CA 92677 | Managing Member | |
| Anna Stehrenberger | 25442 Burntwood, Laguna Niguel, CA 92677 | Member | |

12. Creditor Michiko selected an examination location in Westlake Village, California, which is 91-94 miles from the debtor's partners' Laguna Niguel address, and within the 100-mile limit required under Rule 2004. Ex. 5., *Google map showing mileage*[2]

13. On August 26, 2019, Michiko served one of the Rule 2004 subpoenas upon debtor partner

---

2  The Court is requested to take judicial notice under Fed. R. Evid. 201 of the distance and mileage between the two addresses.

Anna through service by mail on the debtor's counsel, requiring Anna to appear and to produce documents at a September 10, 2019 Rule 2004 exam within 100 miles of her home. Ex. 6

14. Also on August 26, 2019, Michiko served by mail a copy of the subpoena upon Anna at her Laguna Niguel, CA address and also emailed a copy of the subpoenas to debtor's counsel to provide the minimum 14-day "written notice of the examinations" as required under Local Rule 2004-1. Ex. 6

15. In Utah state court case 160100092 (American Fork department), the Honorable Roger W. Griffin has entered multiple discovery orders compelling debtor's partners to produce Star Mountain's tax returns and other discovery responses at least three times: May 1, 2017, June 9, 2017, July 27, 2017, but over the course of more than two years, the debtor's partners have continually refused to produce the compelled tax returns and other records evidencing Star Mountain's financial condition and business activities. Ex. 8

16. On November 28, 2018, Judge Griffin ruled from the bench that he intended to award discovery sanctions to Michiko against Tamio and/or Anna for their refusal to produce the tax returns and other compelled discovery responses, Ex. 8 (transcript), though debtor Star Mountain filed its bankruptcy petition to stay further hearings in the state court case.

17. As Anna has previously refused to comply with discovery orders for over two (2) years in the Utah state case, creditor Michiko attempted to engage debtor's counsel in numerous meet and confer discussions to emphasize to Anna the importance that Anna change her behavior and comply with this Court's order and the court's subpoena.

18. On the eve of the September 10 exam, debtor's counsel suddenly took a contrary position and denied that he represented the debtor's partner Anna at all, and debtor's counsel

refused to acknowledge receipt of service by mail of the Rule 2004 subpoena upon him, and refused to agree to any alternate Rule 2004 date or time. Ex. 6; see 9/9/2019 1:32 email, quote from debtor's counsel Chris Andrus at bottom ("Last, I am objecting to your subpoenas as they were not served upon the deponent, nor did I agree to accept service on their behalf.")

19. Despite having received notice and a copy of the subpoena mailed to her address, Anna failed to attend the September 10, 2019 exam and failed to produce a single document.

20. Debtor's counsel did not file nor serve any objection nor any Motion to Quash the subpoena of Star Mountain's partner Anna by the September 10, 2019 deadline to do so.

21. Under Local Rule 9010-1(a), debtor's counsel automatically represented the debtor's partners and was required to accept service by mail ("Scope of Representation. A debtor's attorney must represent and advise the debtor in all aspects of the case . . . . The scope of representation cannot be modified by agreement. The court may deny fees or otherwise discipline an attorney for violation of this rule.").

22. Debtor's counsel's denial that he represented the debtor's partners appears to be a sanctionable offense for having violated Local Rule 9010-1(a) and created substantial confusion as to whether or not debtor's counsel was withholding notices and copies f the subpoenas from the debtor's partners, so creditor Michiko contacted the debtor's partners directly to make sure they received notices and copies of the subpoenas; thereafter debtor's counsel told Michiko not to contact the debtor's partners directly even though debtor's counsel had previously claimed not to represent them and indicated the debtor's partners were unrepresented parties. Ex. 6-7

23. Based upon Tamio's and Anna's ongoing pattern of discovery abuses in the Utah state

court case, creditor Michiko considered it prudent to serve a second subpoena for a continued exam date of Anna for September 25, 2019, along with a first Rule 2004 subpoena to debtor partner Tamio requiring his attendance and production of documents for a September 26, 2019 exam date one day later, and she served the subpoenas for both by mail on September 5, 2019 upon debtor's counsel (which provided a 20-day and 21-day written notice, and which service was completed prior to debtor's counsel's later September 9 refusal to accept service). Ex. 7

24. Also on September 5, 2019, creditor Michiko mailed copies of the subpoenas to Tamio and Anna at their Laguna Niguel address of record, thereby providing a 20-day and 21-day advance "written notice" of the September 25-26 Rule 2004 exam dates, again to comply with the 14-day minimum "written notice" of the exam dates under Local Rule 2004-1

25. Between September 5, 2019 and September 24, 2019, creditor Michiko attempted to engage debtor's counsel in her meet and confer attempts, but again debtor's counsel failed to attend the majority of the requested dates – debtor's counsel even proposed meet and confer dates and times and then failed to attend his own proposed dates and times and failed to produce certain documents that Mr. Andrus had promised to produce and acknowledged were documents essential to the meet and confer discussions.

26. Debtor's counsel assured creditor Michiko that that the "service issue" and the debtor's lack of production of documents could be easily resolved without requiring personal service, and Michiko relied upon debtor's counsel that the "service issue" was no longer an obstacle to the parties agreeing to new Rule 2004 exam dates within the next few days.

27. Between September 9 and September 24, 2019, debtor's counsel actively misrepresented

his stance on the resolvability of the "service issue" to encourage creditor Michiko to believe that the Rule 2004 exams would take place as planned or that a stipulation for exams a few days later would resolve the issue.

28. On September 24, 2019, debtor's counsel filed – but failed to serve – a Motion to Quash and Motion for Protective Order, arguing that service had not been made on the debtor's partners, and for the first time asserting that the District of Utah is not the proper court from which the Rules 2004 subpoenas are to be issued.

29. On September 27, 2019, debtor's counsel notified creditor Michiko of the Motion to Quash/Motion for Protective Order for the first time, but only after Anna and Tamio had both already failed to attend the September 26-27, 2019 exams.

30. On October 16, 2019, creditor Michiko made one last request for a meet and confer with debtor's counsel to resolve the Rule 2004 exam dates, but debtor's counsel declined to respond.

31. On October 24, 2019, creditor Michiko asked debtor's counsel to agree to a hearing date on this Motion to Compel, and debtor's counsel again declined to respond, and so the December 3, 2019 hearing date (10:00am) for this Motion was then set by the court.

## SUPPORTING AUTHORITY

The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is presently proper under 28 U.S.C. §§ 1408 and 1409 as the district in which the debtor chose to file its case.[3] The authority upon which the relief

---

[3] Creditor Michiko's disputes the debtor's selection of District of Utah as the proper venue, and includes her memorandum in support of her separately-filed Motion(s) to Dismiss both this case and the debtor's September 16, 2019 Adversary Complaint based upon improper venue under Fed. R. Bankr. P. 1014 and 9012(3), respectively.

requested is Bankruptcy Rule 2004, Local Rule 2004-1, debtor's counsel's violation of the safe harbor provision under Bankruptcy Rule 9011(c)(1)(A) and Rule 9011(c)(1)(B)'s provision that authorizes this Court to consider sanctions against debtor's counsel on this Court's own initiative for debtor's counsel's attempts to mislead the creditor by telling her debtor's counsel did not represent the debtor's partners (in violation of Local Rules 2091-1(a)[4] and 9010-1(a)[5] regarding scope of representation of a debtor and the debtor's partners as parties to the case), and Fed. R. Civ. P. 45 (made application via Fed. R. Bankr. P. 9016), and the corresponding meet and confer certification requirement under Fed. R. Civ. P. 37(1).

## ARGUMENT

### I. Fed. R. Civ. P. 37(1) certification that meet and confer requirement has been met.

Rule 37(1) states:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Creditor Michiko's Rule 37(1) certification that she attempted to engage in meaningful meet and confer discussions with debtor's counsel, Chris Andrus, on an almost-daily basis between August 19, 2019 and September 24, 2019, and then again on October 16, 2019 requested one final attempt at meet and confer discussion before filing this Motion to Compel

---

[4] Local Rule 2091-1: "(a)Attorney of Record. An attorney . . . who signs and files a petition, pleading or paper, is deemed to have made an appearance in the matter. . . . An attorney of record is responsible in all matters respecting the case or proceeding before and after a judgment, until the closing of the case, until the time for appeal from a judgment or order has expired or a judgment or order has become final after appeal, or until there has been an order permitting withdrawal by or substitution of the attorney in the case or proceeding."

[5] Local Rule 9010-1(a): "Scope of Representation. A debtor's attorney must represent and advise the debtor in all aspects of the case . . . . The scope of representation cannot be modified by agreement. The court may deny fees or otherwise discipline an attorney for violation of this rule."

accompanies this Motion. Copies of creditor Michiko's efforts to persuade debtor's counsel to take part in meaningful meet and confer discussions are available to the Court upon request for further verification.

## II. The information requested through the Rule 2004 exams and production are well within the acceptable scope of Rule 2004.

Examinations under Rule 2004(a) and (c) may include within their scope, among other things: "any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of the estate; and, in a chapter 11 case, any matter relevant to the case or the formulation of a plan." *See* Fed. R. Bank. P. 2004(a) and (c).

The obvious purposes of Rule 2004 examinations are the discovery of assets of the estate and the exposure of fraudulent conduct, *In re Foerst*, 93 F. 190 (S.D.N.Y.1899), as well as "to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (*citing Cameron v. United States*, 231 U.S. 710, 717 (1914)).

Creditor Michiko requested for the exam only the following documents related to the debtor's financial condition and its operations leading up to its Chapter 7 filing:

> Any tax returns/filings including partnership returns and k-1 forms, all corporate documents (operating agreements, votes, meeting minutes, etc.), all financial account statements (including bank statements, Landmark/Bray-Conn [redacted] account statements, etc.), any promissory notes to which debtor Star Mountain or any of its members or partners are a party, including but not limited to notes relating to Michiko Stehrenberger, Francine Yeh, Ken Hsieh, Landmark Venture Capital, LLC, Stanley Lott, Pamela Easter, and any other person or entity.

Creditor Michiko's subpoenas seek information reasonably related to Star Mountain's financial condition and the amounts it received from and paid to its investors prior to filing for bankruptcy – as well as the $1,163,500.00 "notes receivable" assets that Star Mountain failed to disclose in its Chapter 7 petition and schedules when it instead listed only $1,050,000.00 in this bankruptcy case in contradiction to the $2,213,500.00 Star Mountain presented in the Utah state court case. If Star Mountain's failure to disclose all of its assets is determined by this Court to be fraudulent conduct, it would have direct bearing administration of the debtor's estate and is well within the intended scope of Rule 2004.

### III. The Bankruptcy Court of District of Utah was the proper court from which to issue the subpoenas.

Fed. R. Civ. P. 45(a)(2) states: "Issuing Court. A subpoena must issue from the court where the action is pending." "The court in which the bankruptcy proceeding is pending is the proper court to issue the subpoena rather than the court where the Rule 2004 examination is to be taken." *In re Fred Ayers Co.*, 266 B.R. 557 (2001)(M.D. Georgia, Albany Division). The subpoenas were properly issued by the District of Utah, regardless of the Central District of California in which the debtor's partners reside and have resided for the 180-day period prior to filing their June 2, 2019 petition.[6]

### IV. Under Bankruptcy Rule 9001(5), as parties in this case, the debtor's partners were properly served by service by mail upon debtor's counsel.

The debtor's partners Tamio and Anna are parties to this case. Fed. R. Bankr. P. 9001(5)

---

6  Improper venue is implicated under 11 U.S.C. 1408, and dismissal rather than transfer under Fed. R. Bankr. P. 1014 may be appropriate, when debtor's counsel indicated to the creditor that that he perceived an advantage more favorable to his clients in the rulings in the 10th Circuit rather than the 9th Circuit in which the debtor and its partners actually resided during the 180-day period before filing the petition. If facts indicate this case was intentionally filed in an improper venue; Fed. R. Bankr. P. 9011(c)(1)(B) allows this Court to consider sanctions on its own initiative at the appropriate time.

specifically includes the debtor's partners within the definition of the "debtor" as parties to this case for the exact purpose of "compelling attendance of a debtor for examination," as follows:

> Rule 9001. General Definitions
> The definitions of words and phrases in §§101, 902, 1101, and 1502 of the Code, and the rules of construction in §102, govern their use in these rules. **In addition, the following words and phrases used in these rules have the meanings indicated: (5) "Debtor." When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person:** (A) if the debtor is a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control; **(B) if the debtor is a partnership, "debtor" includes any or all of its general partners** or, if designated by the court, any other person in control.

(emphasis added)

Debtor's counsel Chris Andrus attempts to argue elsewhere that he is not required to accept subpoenas by mail when directed to his clients, the debtor's partners Tamio and Anna, even when under Rule 9001(5) they are clearly consider parties in this case for this exact purpose of "compelling the attendance of the debtor for examination" and under Local Rule 9010-1(a) have been represented by him from the first date he filed the petition.

And though Rule 2004 references subpoenas and Fed. R. Civ. P. 45 (made applicable under Fed. R. Bankr. P. 9016), Bankruptcy Rules 2004 and 9001(5) are clearly the more specific rules for "compelling the attendance" of a debtor and the debtor's partners in a Rule 2004 exam in bankruptcy, as opposed to the far more general Fed. R. Civ. P. 45 that applies to non-bankruptcy cases and non-Rule 2004 depositions of non-parties that are typically held under different procedural rules.

Further clarification comes from the Advisory Committee Notes to Fed. R. Civ. P. 45 (2013 Amendment), that clarifies that a subpoena is not even necessary to compel the attendance

of a <u>party</u> (such as the debtor's partners under Rule 9001(5)) to a "deposition" – or in this case, the parallel Rule 2004 examination under Federal Rule 45 (as made applicable under Fed. R. Bankr. P. 9016): "Depositions of <u>parties, and officers, directors, and managing agents of parties</u> need not involve use of a subpoena." (emphasis added)

The Advisory Committee Notes on Fed. R. Bankr. P. 2004 (1983) also clarify that Rule 2004's subdivision (c)'s requirement for a subpoena under Fed. R. Civ. P. 45 "will be applicable for the most part to the examination of a person <u>other than the debtor</u>." (emphasis added). Thus, when all read in conjunction, the following rules – Local Rule 2091-1(a)("Attorney of Record. An attorney . . . who signs and files a petition, pleading or paper, is deemed to have made an appearance in the matter. . . ."); Local Rule 9010-1(a)("Scope of Representation. A debtor's attorney must represent and advise the debtor in all aspects of the case . . . . The scope of representation cannot be modified by agreement. The court may deny fees or otherwise discipline an attorney for violation of this rule."); Fed. R. Bankr. P. 9001(5) (definition of "debtor" includes debtor's partners for the express purpose of compelling the attendance of the debtor at an exam); the Advisory Committee Notes on Fed. R. Civ. P. 45 ("Depositions of <u>parties, and officers, directors, and managing agents of parties</u> need not involve use of a subpoena."); and Advisory Committee Notes to Rule 2004 (1983) (subdivision (c)'s requirement for a subpoena under Fed. R. Civ. P. 45 "will be applicable for the most part to the examination of a person <u>other than the debtor</u>.") – it is clear that when debtor's counsel undertook to represent debtor Star Mountain, he also automatically represented the debtor's partners as parties to this case, such that represented parties may be served by mail with the subpoenas, rather than being required be served first by personal service before the subpoenas can be considered binding and valid.

Finally, Fed. R. Bankr. P. 1001 requires these rules to be applied toward an efficient,

speedy and inexpensive resolution of this bankruptcy case. The debtor's counsel's stance that this debtor's creditors should somehow be required to incur unnecessary additional expenses and delays of a process server to chase down the debtor's partners in California – even when the debtor's partners are parties to this case under Rule 9001(5), and it is already well-documented that the debtor's partners have attempted to evade discovery orders for over two years in disobeying the Utah state court – therefore stretches credibility that such a debtor is acting in good faith in this case.

V.   **Patterns of fraudulent conduct by the debtor's partners in other cases are probative as to their intent to evade disclosure of Star Mountain's assets and financial condition in the Rule 2004 exams in this case.**

The Utah state court has already determined that Star Mountain and its two Managers/members (Tamio and Anna), upon default, are jointly and severally liable for having committed securities fraud, Ex. 3 ¶ 3,5, but Star Mountain filed its bankruptcy case just two days before the state court was set to hear damages on June 4, 2019 and enter final judgment in favor of creditor Michiko. The debtor's partners in this case are also the debtor's partners in District of Utah case 24016 in which their other entity, Taanen, LP, upon default, has already been determined in the same Utah state court case to have wrongfully received assets from Star Mountain to evade having to make payment to creditors such as Michiko.

This Court has already noted Tamio's habit for fraudulent conduct in another case, *Zions National Bank v. Brian John Taylor* (*In re Taylor,* 528 B.R. 826 (2015), in which this Court denied another debtor's discharge under 11 U.S.C. § 523(a) based upon Tamio's conduct involving his other defunct company, Luxe Automotive Group, Inc., through which Tamio induced banks to loan more than the value of the underlying collateral and induced first-time investors to use their good credit to help Tamio obtain control over at least 70 exotic cars.

As excerpted from the opinion entered by the Honorable R. Kimball Mosier on March 26, 2015):

> The facts strongly suggest that [Tamio] Stehrenberger made a false representation to Taylor when he advised Taylor that Zions knew the Lamborghini would be leased to Luxe and used in the Luxe Program. But the fact that Taylor may have been defrauded by [Tamio] Stehrenberger does not absolve him of his own fraud upon Zions.
>
> Tamio's prior history of fraudulent conduct in other cases is indicative of the debtor's and debtor's partner's intent to further defraud thus far in these bankruptcy cases: Tamio's signing under oath the Chapter 7 petition in this case – even when it fails to disclose at least $1,163,500.00 in notes receivable assets of the Star Mountain estate – is exactly what Rule 2004 was designed to help the creditor investigate in aid of preserving assets. Under Fed. R. Bankr. P. 9011(c)(1)(B), this Court may on its own initiative consider sanctions when a party or its counsel has made a filing containing false or intentionally incomplete information.

**VI.  All other requirements for this Motion have been met under Local Rules.**

Local Rules 4001-1(a), 9013-1(g), and Local Rule 9013-1(d), have been met.

## CONCLUSION

Based upon the foregoing, creditor Michiko Stehrenberger requests an order from this Court compelling Tamio Stehrenberger and Anna Stehrenberger to attend and produce the subpoenaed documents at future Rule 2004 hearings to be set by this Court to take place on an expedited basis within five (5) calendar days of the Court's order, with allowance for creditor Michiko to extend the start date, time, and location as long as the location is still within the 100-mile limit required under Rule 2005. A proposed Order accompanies this Motion.

DATED: October 29, 2019

                                                     Michiko Stehrenberger, Creditor Pro Se
document.request@gmail.com