

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: STAR MOUNTAIN ENTERPRISES, LLC<br><br>Debtor. | Bankruptcy Case No. 19-24015<br>Chapter 7<br><br>Hon. R. Kimball Mosier |

**ORDER AUTHORIZING RULE 2004 EXAMINATION
AND PRODUCTION OF DOCUMENTS; FINDINGS AND CONCLUSIONS**

This matter came before the Court on the Ex Parte Motion of Michiko Stehrenberger for an order authorizing Rule 2004 Examinations and Production of Tamio Stehrenberger and Anna Stehrenberger under Fed. R. Bankr. P. 2004 and Local Rule 2004-1.

The Court makes the following findings and conclusions as part of this Order:

1. The Court takes judicial notice of the following public records included as Exhibits 1-9 along with listed creditor Michiko Stehrenberger's motion:

    (a) `Star Mountain's *Statement of Financial Affairs*, as filed in this case on June 2, 2019, excerpted as <u>Ex. 1,</u> listing Tamio Stehrenberger as "Managing Member."

    (b) Star Mountain promissory notes dated December 23, 2006; January 25, 2007; February 23, 2007; and April 23, 2007 in which Tamio Stehrenberger signed as

Case 19-24015 (Star Mountain) – *Order, Findings, Conclusions re: Rule 2004 Exams (Tamio/Anna)*     P. 1 of 8

the "President" on behalf of Star Mountain Enterprises, LLC. Ex. 2

(c) Star Mountain's *Articles of Organization*, as filed with the Utah Department of Commerce on May 15, 2006, listing Tamio as one of its two "Managers." Ex. 3

(d) The Utah Department of Commerce's Registered Principal Search results naming Tamio as "Manager" of Star Mountain on April 17, 2009, nearly three years after the filing date of its *Articles of Organization* and encompassing the relevant time periods in Star Mountain's operations. Ex. 4

(e) Excerpts from Tamio Stehrenberger's *Amended Answer* in related Utah state court case number 160100092 (American Fork department), filed September 28, 2016 and admitting to Michiko's Amended Complaint at ¶ 55 that:

> According to the Utah Department of Commerce's Registered Principal Search, *Exhibit 3*, Tamio and Anna are identified as SME's only managing members.

Ex. 5, excerpts from *Amended Complaint* and *Amended Answer*.

(f) Star Mountain's correspondence to investor Francine Yeh that identifies Tamio as its "Managing Member." Ex. 6.

(g) Tamio Stehrenberger's *Answer* in Utah state court case number 080402986 (Provo department), filed October 27, 2008, admitting to Michiko's *Complaint* at ¶ 3 that:

> Defendant Tamio Stehrenberger is [] a 50% member and a manager of Defendant Star Mountain Enterprises, LLC.

Ex. 7, excerpt from *Complaint* and *Answer*.

(h) Tamio Stehrenberger's *Memorandum* filed in Utah state court case number 080402986 on January 19, 2011, in which Tamio expressly states that he does not dispute that "Tamio was a manager of Star Mountain during the time it sold

securities to Michiko, and he played an active role in selling the securities to Michiko." Ex. 8.

(i) The June 30, 2017 declaration of Tamio Stehrenberger as filed into Utah state court case number 160100092 and copies of Star Mountain's tax transcripts from the Internal Revenue Service, in which Star Mountain indicated by its filing of IRS Form 1065 and K-1 that Star Mountain is a Partnership, and Tamio is one of Star Mountain's two "Partners." Ex. 9.

2. Based upon the public records contained in Michiko's Ex. 1-9, the Court finds that Star Mountain asserted in public documents and court records that Tamio Stehrenberger is a Manager and also a Managing Member of Star Mountain Enterprises, LLC.

3. The Court hereby concludes that Tamio Stehrenberger is a Manager and also a Managing Member of Star Mountain Enterprises, LLC.

4. Based upon the promissory notes issued by Star Mountain, Ex. 2, dated April 23, 2007 (to Michiko Stehrenberger for a combined $100,000.00 investment amount), December 23, 2006 and January 25, 2007 (to Francine Yeh for a combined $153,500.00 investment amount) and February 23, 2007 (to Ken Hsieh listing a $5,000.00 investment amount on its face), the Court finds that Tamio Stehrenberger signed as the "President" on behalf of Star Mountain.

5. Based upon the public records contained in Michiko's Ex. 1-9, the Court finds that Star Mountain asserted in public documents and court records that Anna Stehrenberger is a Manager, a Vice President, and a Member of Star Mountain Enterprises, LLC.

6. According to Wikipedia, a "President" and a "Vice President" are both within the definition of the "officers" of a company.

7. The Court finds that Star Mountain designated itself as a "Partnership" and Tamio and Anna as Star Mountain's "Partners" in its Form 1065 Partnership Return and accompanying K-1 forms filed with the Internal Revenue Service, based upon the IRS tax transcript submitted by Tamio on or about June 30, 2017 in the Utah state court case number 160100092 (American Fork department).

8. The Court hereby concludes that Tamio Stehrenberger and Anna Stehrenberger are the partners of Star Mountain Enterprises, LLC.

9. Black's Legal Dictionary defines a "President" in part as: "One placed in authority over others; a chief officer; a presiding or managing officer; a governor, ruler, or director." https://thelawdictionary.org/president/ and an "Officer" as: "The incumbent of an office; one who is lawfully invested with an office. One who is charged by a superior power (and particularly by government) with the power and duty of exercising certain functions." https://thelawdictionary.org/officer/

10. Wikipedia defines a "Vice President" as follows: "A vice president (in British English: vice-president for governments and director for businesses) is an officer in government or business who is below a president (managing director) in rank." https://en.wikipedia.org/wiki/Vice_president

11. The Court hereby concludes that Tamio Stehrenberger is and was designated as a Manager and also a Managing Member, and the "President" and therefore an "officer," of Star Mountain Enterprises, LLC.

12. The Court hereby concludes that Anna Stehrenberger is and was designated as a Manager, Member, and a "Vice President" and therefore an "officer" of Star Mountain Enterprises, LLC.

13. The Court recognizes that a non-living entity such as Star Mountain Enterprises, LLC generally can act only through living persons–such as its managers, managing members, officers, partners, and other control persons or agents acting on its behalf–in carrying out its business operations and investment activities, such as entering into contracts and promissory notes, employing sales agents, analyzing risks of investments, selling and purchasing securities, managing assets and liabilities, transferring assets out of the entity to others, making and filing tax-related documents, communicating and interacting with investors, participating in litigation, and other activities.

14. The Court concludes from Star Mountain's *Articles of Organization* identifying Tamio Stehrenberger and Anna Stehrenberger as Star Mountain's only two Managers as of May 15, 2006, Ex. 3, the Utah Department of Commerce's Registered Principal Search identifying Tamio and Anna as Star Mountain's only two Managers over three years later on April 17, 2009, Ex. 4, and Star Mountain's *Statement of Financial Affairs* again identifying Tamio and Anna as Star Mountain's only two members as of June 2, 2019, Ex. 1, that Star Mountain, as a non-living entity, generally could act only through Tamio and Anna in carrying out its business operations and investment activities, such as entering into contracts and promissory notes, employing sales agents, analyzing risks of investments, selling and purchasing securities, managing assets and liabilities, transferring assets out of the entity to others, making and filing tax-related documents, communicating and interacting with investors, participating in litigation, and other activities.

15. Based upon Michiko's Ex. 8, the Court finds that Tamio and Anna signed and filed a Memorandum into Provo case 080402986 dated January 19, 2011 in which Tamio and

Anna stated that each of them "'was a manager of Star Mountain during the time it sold securities to Michiko, and [he/she] played an active role in selling the securities to Michiko."

16. The Court hereby concludes that by Tamio and Anna admitting to "playing an active role in selling securities to Michiko" on behalf of Star Mountain, that Tamio Stehrenberger and Anna Stehrenberger each materially aided in the sale of the Star Mountain securities to Michiko Stehrenberger.

17. The Court adopts the reasoning in *In re Divine Ripe, LLC,* 554 B.R. 395 (S.D. Texas, McAllen Division, 2016), that the "'person in control'"[of the debtor] should be the person that best represents an embodiment of knowledge of the debtor's affairs and be in control of the debtor" and concludes that Tamio Stehrenberger and Anna Stehrenberger, as the Managers, Managing Members, Vice President (as to Anna Stehrenberger only), that Tamio and Anna are Star Mountain's "control persons."

18. The Court hereby designates Tamio Stehrenberger and Anna Stehrenberger as the "control persons" of debtor Star Mountain Enterprises, LLC, and who each come within the definition of "debtor" under Bankruptcy Rule 9001(5)(A).

19. As the debtor, Star Mountain, is a party to this case, Star Mountain's two control persons, Tamio and Anna (who come with Bankruptcy Rule 9001(5)'s definition of "debtor") are also parties to this case capable of being served by mail.

20. The Court concludes that, though Rule 2004 references subpoenas and Fed. R. Civ. P. 45 (made applicable under Fed. R. Bankr. P. 9016), that it is Bankruptcy Rules 2004 and 9001(5) that are more specific to bankruptcy proceedings, and therefore Rule 2004 and

9001(5), are the governing rules for "compelling the attendance" of a debtor and its control persons and/or partners in a Rule 2004 exam in bankruptcy.

21. The Court concludes that Tamio and Anna are parties to this case because they are the same as the debtor under Bankruptcy Rule 9001(5).

22. The Court concludes that service of filings, notices, and subpoenas upon the debtor (and upon Tamio and Anna as the debtor's control persons and parties in this case) may also be made by first-class U.S. Postal Service mail (postage prepaid) upon Tamio and Anna at their listed address, or upon the debtor's counsel, without separate ay requirement for service by personal delivery upon either Tamio, Anna, or debtor's counsel.

23. The Court concludes that Tamio and Anna are not entitled to demand or receive third-party witness fees and mileages fees as a condition for attending the Rule 2004 examinations as long as the examinations are held within the 100-mile maximum distance of their residence as listed in Star Mountain's *Statement of Financial Affairs*. ("An entity other than a debtor shall not be required to attend as a witness unless lawful mileage and witness fee for one day's attendance shall be first tendered." *Fed. R. Bankr. P. 2004(e)*)

Based on the Motion, IT IS HEREBY ORDERED that Tamio Stehrenberger and Anna Stehrenberger are designated as the "control persons," "managers," "managing members," "officers" and "partners:" of debtor Star Mountain Enterprises, LLC, and that Michiko Stehrenberger may conduct the Rule 2004 examinations and require production of specified documents related to the debtor for Tamio Stehrenberger and Anna Stehrenberger,.

It is further ORDERED that the attendance and production of documents may be compelled by subpoena pursuant to Fed. R. Bankr. P. 2004(c), and that service of any such

subpoenas may be made by U.S. Postal Service first-class mail upon Tamio, Anna, or the debtor's counsel without separate requirement for personal delivery. It is further ORDERED that Tamio and Anna may not demand or require payment of any mileage fees or witness fees under Fed. R. Bankr. P. 2004(e) as a condition of their attending the Rule 2004 exams within the 100-mile maximum limit of the Laguna Niguel, California residence address for each of them, as listed in the debtor's June 2, 2019 *Statement of Financial Affairs*.

---------------------------------------------END OF DOCUMENT-------------------------------------

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO RECEIVE NOTICE OF COURT ORDER

Service of the foregoing Order Granting Relief from Stay shall be served on the parties in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

1. Chapter 7 Trustee Mr. Kenneth Rushton, at KRus8416@aol.com
2. Mr. Chris Andrus, counsel for debtor Star Mountain Enterprises, LLC, at: chrisandrusjd@yahoo.com, chrisandrusjd@gmail.com
3. Ms. Michiko Stehrenberger, creditor pro se, document.request@gmail.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b):

1. Chapter 7 Trustee Mr. Kenneth Rushton, at P.O. Box 212, Lehi, UT 84043, Krus8416@aol.com
2. Mr. Chris Andrus, counsel for debtor Star Mountain Enterprises, LLC, at Law Office of Chris Andrus, P.O. Box 859, Orem, UT 84059
3. Ms. Michiko Stehrenberger, creditor pro se, at 1990 Knoll Drive, Unit B, Ventura CA 93003 **preferred notice is by email to: document.request@gmail.com
4. Francine Yeh and Ken Hsieh, c/o 346 N 500 E, Provo, UT 84606